### J. D. OGDEN v. HATTIE BEN OGDEN, ET AL.

Depositions.

A deposition is not admissible as evidence where no notice is given to the adversary of the time and place, when and where it was taken, and where no opportunity was given him to cross-examine the witness.

**Execution of Wills.**

An acknowledgment of a will by the testator as required by the statute is sufficient evidence of the fact that the signature was made by the testator himself, or by some one for him, by his direction.

**Guardian and Ward—Limitations.**

Where a guardian has by fraud procured property or an estate which he should hold as trustee for his ward, but holds it until five years have elapsed, he cannot be allowed to set up the statute of limitations to defeat the claim of his ward to such property, and a court of equity should restrain him from setting up such statute.

### APPEAL FROM DAVIESS CIRCUIT COURT.

#### April 15, 1880.

OPINION BY JUDGE HINES:

We think the court below erred in admitting the deposition of Mrs. Sallie Davis. It appears from the caption to have been taken in a proceeding between the same parties, but there is nothing to show what the issue was, nor is there anything to indicate that appellant had any notice of the taking of the deposition, or any opportunity to cross-examine. Unless the issue was the same, the parties the same, and an opportunity given to cross-examine, it is clearly incompetent. So far as it appears in this record the deposition is merely an ex parte statement by Mrs. Davis, made in reference to a matter not involved in the case at bar. Without this deposition the evidence is such that the jury might have found for the will, and its admission was therefore prejudicial to the substantial rights of appellant, and for which alone the judgment should be reversed.

Some question is made as to the correctness of the instructions, in order to determine which it is necessary to refer to the statute in reference to the execution of wills. Sec. 5, Chap. 113, title "Wills," is as follows: "No will shall be valid unless it is in writing, with the name of the testator subscribed thereto by himself, or by some other person in his presence and by his direction, and moreover, if not wholly written by the testator, the subscription shall be made or the will acknowledged by him in the presence of at least two credible witnesses who shall subscribe the will with their names in the presence of the testator."

It seems to be requisite that the will be signed by the testator himself, or by some one for him, and by his direction or request previously given or made. This requirement is fully set forth in the in-

structions, but in such a way as to have probably misled the jury, not so much as to the fact of an authority to sign for the testator, but rather as to the character of evidence necessary to establish that authority. It seems to us that an acknowledgment of the will by the testator, as required by the statute, is sufficient evidence of the fact that the signature was made by the testator himself or by some one for him and by his direction. The jury should have been instructed, in effect, that if they believed from the evidence that the testator acknowledged the will with the formalities required by the statute such acknowledgement was sufficient evidence of the fact that the signature to the will was placed there by the testator, or by some one for him and by his direction, or at his request. In other respects the instructions are substantially correct.

The court did not err in overruling the plea of the statute of limitations as to Hattie Ben Ogden. The relation between the infant and appellant was such that in good conscience appellant ought not to have been permitted to interpose such a plea. He was the guardian of her person and her property. It is claimed that the property held and claimed by the appellant in fact belongs to the infant, and that appellant acquired it by fraudulently procuring the will to be executed under which he asserts claim. If the fraud is established the property is held in trust by the guardian for his ward, but appellant neglected to have that question investigated, holds to the property until five years have elapsed, and then, in effect, says, "Admit the truth of the charge that I obtained the property by fraud and that it in fact belongs to the ward, and that I have held and claimed it in violation of my duty to my ward and in ignorance on her part of her rights; it is now too late to test that matter." Time cannot sanctify such a fraud, nor should it be permitted, under such circumstances as here exist, to bar an inquiry into the fact of the perpetration of the fraud. It is clear that a court of equity, on the presentation of such a state of facts, would have enjoined appellant from interposing such a plea, and we see no substantial reason why the court in this form of action may not grant the relief which is so manifestly essential to the proper administration of justice between the parties.

All the evidence offered and heard in reference to the condition of the partnership accounts, except in so far as it goes to establish the simple fact of the existence of the partnership and that the property mentioned in the will was bought with partnership funds, is

incompetent. Such evidence is calculated to confuse the mind of the jury and draw it away from the sole issue of will or no will.

Judgment *reversed* on appeal and *affirmed* on cross-appeal of S. R. Ogden, with directions for further proceedings.

*McHenry & Haynes, Little & Slack, W. N. Sweeney & Son, for appellant. G. W. Ray, Owen & Ellis, for appellees.*